## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JAMES GORMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 07-CV-0155-MJR** |
| | ) | |
| **GOLDCORP, INC., a corporation** | ) | |
| **organized under the laws of Canada,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### A. Background

On March 1, 2007, James Gorman filed a complaint in this Court against Goldcorp, Inc., a corporation organized under the laws of Canada. The action stems from alleged wrongdoing in a 1999 corporate merger between two Canadian corporations, Rayrock Resources, Inc. and Glamis Gold, Ltd. In November 2006, Goldcorp acquired Glamis.

In his complaint, Gorman states five counts: (1) breach of fiduciary duty, (2) negligent misrepresentation, (3) violation of the Illinois Consumer Fraud Act, (4) declaratory and injunctive relief, and (5) specific performance. This Court has subject matter jurisdiction over the action under the federal diversity statute, **28 U.S.C. § 1332.**

On June 8, 2007, Goldcorp moved this Court to dismiss Gorman's complaint under the doctrine of forum non conveniens or, alternatively, for lack of personal jurisdiction. Gorman responded on August 21, 2007, and Goldcorp filed its reply on September 19, 2007. Having carefully reviewed the parties' written submissions, the Court now **GRANTS IN PART** Goldcorp's motion to dismiss.

**B.  Analysis**

FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2) authorizes dismissal for lack of personal jurisdiction.  Once a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of personal jurisdiction. *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 787 (7th Cir. 2003) (citing *Central States, S.E. & S.W. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 939 (7th Cir. 2000)).

Because this question is being decided without an evidentiary hearing, Gorman "need only make out a prima facie case of personal jurisdiction" to avoid a Rule 12(b)(2) dismissal. *Purdue*, 338 F.3d at 783 (quoting *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002)); *see also Nelson by Carson v. Park Industries, Inc.*, 717 F.2d 1120, 1123 (7th Cir. 1983); *Celozzi v. Boot*, 2000 WL 1141568, *2 (7th Cir. 2000) (unpublished).  In evaluating whether the plaintiff has made a prima facie showing, all disputes concerning relevant facts presented in the record are resolved in the plaintiff's favor. *Purdue*, 338 F.3d at 782 (citing *Nelson*, 717 F.2d at 1123); *RAR, Inc., v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1275 (7th Cir.1997) (Plaintiff "is entitled to have any conflicts in the affidavits resolved in [her] favor.")).  Though the Court may consider affidavits submitted by both parties, the Court must accept as true all well-pleaded facts and resolve in favor of the plaintiff all factual disputes in the pleadings and affidavits.

Where a federal district court exercises diversity jurisdiction, personal jurisdiction lies "only if a court of the state in which it sits would have such jurisdiction." *RAR*, 107 F.3d at 1275.  Due process limits the circumstances in which a state may exercise personal jurisdiction over a non-resident defendant. *Asahi Metal Indus. Co. v. Superior Court of California*, 480 U.S. 102, 108 (1987); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980).  This limitation

-2-

permits potential defendants to structure their contacts and plan where their business activities will and will not render them liable to suit. *See Burger King Corp. v. Rudzewicz*, **471 U.S. 462, 472-73 (1985);** *World-Wide Volkswagen*, **444 U.S. at 297.**

In diversity cases, personal jurisdiction may not be exercised over a non-resident defendant unless the defendant established "minimum contacts" with the particular state in which the court sits (the forum state). *Burger King*, **471 U.S. at 474;** *Jennings v. AC Hydraulic A/S*, **383 F.3d 546, 551 (7th Cir. 2004).** Stated another way, a federal court's assertion of personal jurisdiction must comport with "traditional notions of fair play and substantial justice" to satisfy the Due Process Clause of the United States Constitution. *International Shoe Co. v. Washington*, **326 U.S. 310, 316 (1945).** A defendant must have "purposely availed" himself of the privilege of conducting activities within the forum state, such that he should reasonably anticipate being haled into court there. *World-Wide Volkswagen*, **444 U.S. at 297.** However, a defendant may not be forced to defend a suit solely "as a result of random, fortuitous, or attenuated contacts" with that state or the "unilateral activity of another party." *Burger King*, **471 U.S. at 474-75.**

In addition to examining whether the exercise of personal jurisdiction squares with *federal* due process requirements, the Court must also ascertain whether the exercise of personal jurisdiction offends *state* statutory or constitutional limits. The Seventh Circuit has stated: "Three distinct obstacles to personal jurisdiction must generally be examined: 1) state statutory law; 2) state constitutional law; and 3) federal constitutional law." *RAR*, **107 F.3d at 1276.** *Accord Jennings*, **383 F.3d at 548 ("In diversity cases, such as this one, a federal court must determine if a court of the state in which it sits would have personal jurisdiction over the defendant.... Thus, the jurisdictional inquiry begins with an application of the statutory law of the forum state...").**

Here, the Court must consider the Illinois long-arm statute. That statute provides

that an Illinois court "may . . . exercise jurisdiction on any . . . basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." **735 ILCS § 5/2-209(c).** Because the Illinois statute authorizes personal jurisdiction to the constitutional limits, the three inquiries mentioned above collapse into two constitutional inquiries – one state and one federal.

The Illinois Supreme Court has explained that personal jurisdiction may be asserted "only when it is fair, just, and reasonable to require a nonresident defendant to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois." ***RAR*, 107 F.3d at 1276 (quoting *Rollins v. Ellwood*, 565 N.E.2d 1302, 1316 (Ill. 1990)).**

In the case at bar, Gorman has not demonstrated that Goldcorp has sufficient contacts with Illinois to support the exercise of either general or specific personal jurisdiction in this forum. Illinois' long-arm statute lists various kinds of conduct in Illinois that allow the exercise of personal jurisdiction.  The relevant portion of the Illinois long-arm statute, **735 ILCS § 5/2-209(b)(4),** provides:

> A court may exercise jurisdiction in any action arising within . . . this State against any . . . natural person or corporation doing business within this State.

But the record before this Court does not establish that Goldcorp was doing business *within* Illinois so as to satisfy either the Illinois or federal constitutional requirements.

Gorman fails to provide evidence of any specific contacts between Goldcorp and Illinois sufficient to subject Goldcorp to personal jurisdiction in this state.  There is no evidence that Goldcorp, Glamis, or Rayrock has maintained property, an office, or employees in Illinois, nor is there any evidence that Goldcorp conducts any operations within the state.  Gorman states that in 1999 Rayrock mailed an election form to his home in Illinois (Doc. 4, ¶ 9) and that Glamis also

mailed him several reports (Doc. 4, ¶ 17). However, the Seventh Circuit has noted that mailing reports to shareholders by itself does not warrant the exercise of personal jurisdiction in this state. ***Young v. Colgate-Palmolive Co.*, 790 F.2d 567, 570 (7th Cir. 1986) ("[Mailings] simply are not the type of purposeful contacts recognized as the transaction of business" in order to sustain personal jurisdiction over directors of a corporation).** Accordingly, merely communicating with the plaintiff is an insufficient basis to show that Goldcorp, Glamis, or Rayrock was doing business in the state of Illinois.

Gorman focuses on the fact that Goldcorp's stock is traded on the New York Stock Exchange, argues that it is likely that other Illinois residents also own Goldcorp stock, and speculates that "Goldcorp in all likelihood derives a great deal of revenue from sales of its securities in this state." Doc. 27, p. 11. The mere listing of Goldcorp's stock on the New York Stock Exchange is an insufficient basis to sustain personal jurisdiction here. In addition, Gorman must show that Goldcorp has taken some specific action toward Illinois in particular. ***See Jennings*, 383 F.3d at 549-50.**

There is no allegation, however, that Goldcorp solicited buyers in the state of Illinois. Rather, Gorman quotes the language of ***World-Wide Volkswagen***, which explains: "The forum state does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum state." **444 U.S. at 297-98.** Essentially, Gorman equates a corporation selling its stocks on the New York Stock Exchange with a manufacturer selling its products in the national stream of commerce. However, the two are not equivalent. Moreover, Gorman does not identify a single decision in any court finding that the listing of a company's stocks on the New York Stock Exchange necessarily results in personal jurisdiction in every state. On the

contrary, the Court finds more persuasive New York case law holding that trading on the stock exchange, without more, does not necessarily constitute "doing business," even in the state of New York where the Stock Exchange is located.  ***Celi v. Canadian Occidental Petroleum Ltd.*, 804 F.Supp. 465, 467-68 (E.D.N.Y. 1992) (holding that a Canadian corporation was not "doing business" in New York for the purposes of personal jurisdiction where no other evidence of continuous and systematic activity was produced, even though the defendant corporation's stocks were traded on the American Stock Exchange in New York); *see also Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 97 (2d Cir. 2000) (noting that under New York law, "it is not that activities necessary to maintain a stock exchange listing do not count, but rather that, without more, they are insufficient to confer jurisdiction.").**

Finally, Gorman notes the substantial gold mining activity in which Goldcorp engages throughout the United States, including operations in South Dakota and Nevada.  However, Goldcorp's contacts with other states have no bearing on whether personal jurisdiction lies in Illinois.  While Goldcorp's activities in South Dakota and Nevada possibly subject it to personal jurisdiction in those states, such is not the case in Illinois where Goldcorp's only alleged activity is the sale of its stocks through the New York Stock Exchange.

Given that Gorman provides no evidence of continuous or substantial activity within the state of Illinois, this Court cannot exercise either specific or general personal jurisdiction over Goldcorp under the Illinois Constitution or United States Constitution.

Consequently, the Court need not address whether the doctrine of forum non conveniens applies to this case.

### C.  Conclusion

Accepting as true all well-pleaded facts and resolving in Gorman's favor all factual disputes in the pleadings, Gorman has not met his burden of demonstrating that this Court can properly exercise personal jurisdiction over Goldcorp.  Put simply, Gorman has not shown the necessary minimum contacts between the State of Illinois and the Defendant.

Accordingly, the Court **GRANTS IN PART** Goldcorp's motion to dismiss (Doc. 21) pursuant to Federal Rule of Civil Procedure 12(b)(2) and **DISMISSES** Gorman's complaint for lack of personal jurisdiction.  Dismissal shall be ***without* prejudice**.

Finally, the Court **CANCELS** all settings herein and **DENIES AS MOOT** all pending motions (Docs. 23 and 33).

**IT IS SO ORDERED.**

**DATED this 26th day of November 2007.**

**s/Michael J. Reagan**

**MICHAEL J. REAGAN**
**United States District Judge**